UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KEENAN BROWN, KEGAN BROWN, DARRYL
CAMPBELL, KEITH GRAY, TYQURAN HORTON,
and SOULEYMANE SEYE,

                              Plaintiffs,

                – against –

SMOKEY ISLAND GRILLE, LLC, d/b/a SMOKEY
ISLAND GRILLE; 424 SUTTER AVENUE, LLC, d/b/a
SMOKEY ISLAND GRILLE; DOREEN ELIZABETH
CRANSTON, in her individual capacity and in her
professional capacity as owner of Smokey Island Grille,
LLC, and/or 424 Sutter Avenue, LLC; and CONRAD
JAMES HUNTER, in his individual capacity and in his
professional capacity as owner of Smokey Island Grille,
LLC, and/or 424 Sutter Avenue, LLC,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COMPLAINT
AND JURY DEMAND**

Case No. 20-cv-2525

       Plaintiffs, Keenan Brown, Kegan Brown, Darryl Campbell, Keith Gray, Tyquran Horton and Souleymane Seye (collectively, "Plaintiffs"), by and through their attorneys, Sapir Schragin LLP, for their Complaint against Defendants Smokey Island Grille LLC, d/b/a Smokey Island Grille; 424 Sutter Avenue, LLC, d/b/a Smokey Island Grille; Doreen Elizabeth Cranston, in her individual capacity and in her professional capacity as owner of Smokey Island Grille, LLC, and/or 424 Sutter Avenue, LLC; and Conrad James Hunter, in his individual capacity and in his professional capacity as owner of Smokey Island Grille, LLC, and/or 424 Sutter Avenue, LLC, allege as follows:

## PRELIMINARY STATEMENT AS TO NATURE OF ACTION

       1.     Plaintiffs worked for Defendants at different times in 2013, 2014, 2015, 2016, 2017, 2018 and 2019, and in various capacities as line cooks, prep cooks, dishwashers, cleaners,

inventory clerks, or stock clerks in two restaurants owned by the individual defendants located in Brooklyn, New York.  Each of the restaurants is named the "Smokey Island Grille," but each one is owned by a different entity.  Smokey Island Grille, LLC owns the restaurant located at 1274 Fulton Street, Brooklyn, New York ("Smokey Island Grille Fulton Street Restaurant") and 424 Sutter Avenue, LLC owns the restaurant located at 424 Sutter Avenue, Brooklyn, New York ("Smokey Island Grille Sutter Avenue Restaurant").  Defendants Doreen Elizabeth Cranston and Conrad James Hunter are the owners of Defendants Smokey Island Grille, LLC and 424 Sutter Avenue, LLC.

2.      Each of the Plaintiffs worked 6 or 7 days a week, for long hours and little pay, at one or both of the restaurants.  The Plaintiffs were not given meal breaks as required by New York State Labor Law ("NYSLL"), much less the overtime wages to which they all were entitled under the Fair Labor Standards Act ("FLSA") and the NYSLL.  Several of the Plaintiffs did not even receive the legally mandated minimum hourly wage due to them.  In engaging in this unlawful conduct, Defendants violated the FLSA, 29 U.S.C. §§201, *et seq.* and the NYSLL, Article 19, §§ 50 *et seq.*, and the applicable regulations of the New York State Department of Labor, 12 N.Y.C.R.R. Part 146, and they did so knowingly and intentionally.  Defendants also failed to maintain required time records for any of the Plaintiffs and failed to give them the wage notices required by NYSLL §195(1) or the wage statements ("pay stubs") required by NYSLL §195(3).

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because the claims are brought pursuant to a federal statute, FLSA, 29 U.S.C. §216(b).

4.       The Court has supplemental jurisdiction over the NYSLL claims pursuant to 28 U.S.C. §1367(a) because the state law claims are so closely related to Plaintiffs' federal claims as to form the same case or controversy.

5.       Personal jurisdiction over the corporate Defendants is proper because they are corporations registered to do business in New York, and they transacted and regularly did business in New York, engaged in a course of conduct in New York, committed acts within the state which caused injury to Plaintiffs in New York, and reasonably should have expected their unlawful acts to have consequences in New York.  Personal jurisdiction over the individual Defendants is proper because they both reside in New York, and they transacted and regularly did business in New York, engaged in a course of conduct in New York, committed acts within the state which caused injury to Plaintiffs in New York, and reasonably should have expected their unlawful acts to have consequences in New York.

6.       Venue is proper in the Eastern District of New York because Plaintiffs worked for Defendants in Brooklyn, New York, in Kings County and within the Eastern District of New York, Defendants conduct business in this District, and the acts and omissions giving rise to the claims alleged took place in this District.

## **THE PARTIES**

7.       Plaintiff Keenan Brown resides in Jamaica, New York.  He was employed by Defendants at the Smokey Island Grille Fulton Street and Smokey Island Grille Sutter Avenue Restaurants from May 2015 through May 2018 as a bus boy and as an inventory and stock clerk.

8.       Plaintiff Kegan Brown resides in Far Rockaway, New York.  He was employed by Defendants at the Smokey Island Grille Fulton Street Restaurant from January 2018 to May 2018 as a line or prep cook.

9.      Plaintiff Darryl Campbell resides in Brooklyn, New York.  He was employed by Defendants at the Smokey Island Grille Fulton Street Restaurant from September 2014 to May August 2016 as a line cook.

10.     Plaintiff Keith Gray resides in Brooklyn, New York.  He was employed by Defendants at the Smokey Island Grille Fulton Street Restaurant from June 2013 to May 2015 as a bus boy and as an inventory and stock clerk.

11.     Plaintiff Tyquran Horton resides in Brooklyn, New York.  He was employed by Defendants at the Smokey Island Grille Fulton Street and Smokey Island Grille Sutter Avenue Restaurants from approximately February 2018 to March 2019 as a stock clerk, dishwasher and food preparation helper.

12.     Plaintiff Souleymane Seye resides in Brooklyn, New York.  He was employed by Defendants at the Smokey Island Grille Fulton Street and Smokey Island Grille Sutter Avenue Restaurants from the summer of 2018 to late winter or early summer March 2019 as a dishwasher and cleaner.

13.     At all relevant times, each Plaintiff was an employee within the meaning of the FLSA and the NYSLL.

14.     At all relevant times, Defendants Doreen Elizabeth Cranston and Conrad James Hunter were the owners of, or principals in Smokey Island Grille, LLC and 424 Sutter Avenue, LLC, the entities that own the Smokey Island Grille Fulton Street Restaurant and Smokey Island Grille Sutter Avenue Restaurants.  As such, Defendants were, at all relevant times, the employers of each of the Plaintiffs.

15.     At all relevant times, Defendants Cranston and Hunter managed the Smokey Island Grille Fulton Street and Smokey Island Grille Sutter Avenue Restaurants, and were responsible

for hiring and firing employees for the Restaurants, including Plaintiffs; supervising and controlling employee work schedules and conditions of employment, including those of Plaintiffs; establishing store policies and procedures; determining the rate and method of wage payments to employees, including Plaintiffs; providing legally required notices, which was not done in the case of Plaintiffs; maintaining employee records, including time records, which also was not done in the case of Plaintiffs; and maintaining all appropriate business records.

16.    At all relevant times, each Defendant was an employer within the meaning of the FLSA and the NYSLL.

17.    Plaintiffs intend to hold the individual defendants, as the owners of the Smokey Island Grille Restaurants, and as Plaintiffs' employers, liable for the unpaid minimum wages, unpaid overtime wages and penalties owed to Plaintiffs, pursuant to the NYSLL.

## STATEMENT OF FACTS

**A.    *Plaintiff Keenan Brown***

18.    Plaintiff Keenan Brown was employed by Defendants at the Smokey Island Grille Fulton Street Restaurant and the Smokey Island Grille Sutter Avenue Restaurant from May 2015 through May 2018 as a bus boy and stock and inventory clerk.

19.    As a bus boy or stock clerk, Keenan Brown helped with food deliveries to customers, loading and unloading deliveries to the restaurants and stocking inventory at the restaurants.  He had no managerial or supervisory duties or other discernible exempt duties.  He was a non-exempt employee entitled to the payment of overtime wages under the FLSA and the NYSLL.

20.    Keenan Brown typically worked the following schedule: Monday and Tuesday, 7:00 a.m. to 12:00 p.m. and 3:00 p.m. to 11:30 p.m., Thursday 3:00 p.m. to 11:30 p.m., Friday,

4:00 p.m. to 12:30 a.m., Saturday, 2:00 p.m. to 12:30 a.m., and Sunday, 2:00 p.m. to 10:30 p.m. He worked 6 days a week, including 3 daily shifts of 8.5 hours, 1 daily shift of 10.5 hours and 2 daily shifts of 13.5 hours (total spread of 16.5 hours), without any breaks, for a total of 63 hours each week. He was paid weekly wages of $432, or an hourly rate of $6.86. The $6.86 hourly rate was well below the federal hourly minimum wage of $7.25 and the New York hourly minimum wage of $8.75 in 2015; $9.00 in 2016; $11.00 in 2017; and, $13.00 in 2018.

21.     Occasionally, Keenan Brown often worked 7 days a week, or up to 75 hours per week, at the same weekly wage of $432, or an hourly wage of $5.76. The $5.76 hourly rate was well below the federal hourly minimum wage of $7.25 and the New York hourly minimum wage of $8.75 in 2015; $9.00 in 2016; $11.00 in 2017; and, $13.00 in 2018.

22.     Each of the daily shifts of 10.5 and 13.5 hours (total spread of 16.5 hours) that Keenan Brown worked included a spread of hours of over 10 hours. As such, Keenan Brown was owed an additional hour of pay for each of these 3 shifts. Defendants never paid Keenan Brown the spread of hours pay that they owed to him under the applicable New York regulations.

23.     In addition to failing to pay Keenan Brown the lawful hourly minimum wage, and the spread of hours pay that was owed to him, Defendants never paid him any overtime wages for the hours he worked in each work week in excess of 40 hours.

24.     As stated above, Keenan Brown worked approximately 63 or 75 hours per week, far in excess of a normal 40-hour work week. He is, therefore, owed overtime wages for 23 to 35 hours each week during his employment with Defendants at time and a half the applicable minimum wage or his regular rate of pay.

25.     Defendants never gave Keenan Brown the wage notice required by NYSLL §195(1) or the pay stub required by NYSLL §195(3).

26.     Defendants did not maintain timekeeping records for Keenan Brown as required by the NYSLL and applicable regulations.

**B.      *Plaintiff Kegan Brown***

27.     Plaintiff Kegan Brown was employed by Defendants at the Smokey Island Grille Fulton Street Restaurant from January 2018 through March 2018 as a line/prep cook.

28.     As a line/prep cook, Kegan Brown assisted in the preparation of food.  He had no managerial or supervisory duties or other discernible exempt duties.  He was a non-exempt employee entitled to the payment of overtime wages under the FLSA and the NYSLL.

29.     Kegan Brown typically worked the following schedule: Monday, Tuesday and Thursday, 3:00 p.m. to 1:00 a.m., Friday and Saturday, 3:00 p.m. to 2:00 a.m., and Sunday, 2:00 p.m. to 11:30 p.m.  He worked 6 days a week, for 9.5, 10 or 11 hours each day, without any breaks, for a total of 61.5 hours each week.  He was paid weekly wages of $540.00, or an hourly rate of $8.78, significantly less than the mandatory New York hourly minimum wage of $13.00 in 2018.

30.     Each Friday and Saturday that Kegan Brown worked included a spread of hours of over 10 hours.  As such, Kegan Brown was owed an additional hour of pay for each of these two days.  Defendants never paid him the spread of hours pay that they owed to him under the applicable New York regulations.

31.     In addition to failing to pay Kegan Brown the lawful hourly minimum wage and spread of hours pay that was owed to him, Defendants never paid him any overtime wages for the hours he worked in each work week in excess of 40 hours.

32.     As stated above, Kegan Brown worked approximately 61.5 hours per week, far in excess of a 40-hour work week.  He is, therefore, owed overtime wages for 21.5 hours each week

during his employment with Defendants at time and a half the applicable minimum wage or his regular rate of pay.

33.      Defendants never gave Kegan Brown the wage notice required by NYSLL §195(1) or the pay stub required by NYSLL §195(3).

34.      Defendants did not maintain timekeeping records for Kegan Brown as required by the NYSLL and applicable regulations.

## C.      *Plaintiff Darryl Campbell*

35.      Plaintiff Darryl Campbell was employed by Defendants at the Smokey Island Grille Fulton Street Restaurant from September 2014 through August 2016 as a line cook.

36.      As a line cook, Mr. Campbell assisted in the preparation of food.  He had no managerial or supervisory duties or other discernible exempt duties.  He was a non-exempt employee entitled to the payment of overtime wages under the FLSA and the NYSLL.

37.      Initially, Mr. Campbell typically worked the following schedule: Monday through Friday and Sunday, 5:30 a.m. to 3:30 p.m.  He worked 10 hours each day, without any breaks, for a total of 60 hours each week.  He was paid a weekly wage of $450.00, or an hourly rate of $7.50.  The hourly rate of $7.50 was significantly less than the mandatory New York hourly minimum wage of $8.00 in 2014; $8.75 in 2015; and $9.00 in 2016.

38.      After approximately one year, Mr. Campbell began working 7 days a week, 5:30 a.m. to 3:30 p.m. each day.  He worked 10 hours each day, without any breaks, for a total of 70 hours each week.  He was paid a weekly wage of $450.00, or an hourly rate of $6.43.  The hourly rate of $6.43 was less than the federal minimum wage of $7.25.  It was also significantly less than the mandatory New York hourly minimum wage of $8.00 in 2014; $8.75 in 2015; and $9.00 in 2016.

39.     In addition to failing to pay Mr. Campbell the lawful hourly minimum wage, Defendants never paid him any overtime wages for the hours he worked in each work week in excess of 40 hours.

40.     As stated above, Mr. Campbell worked between 60 and 70 hours per week, far in excess of a 40-hour work week.  He is, therefore, owed overtime wages for 20 to 30 hours each week during his employment with Defendants at time and a half the applicable minimum wage or his regular rate of pay.

41.     Defendants never gave Mr. Campbell the wage notice required by NYSLL §195(1) or the pay stub required by NYSLL §195(3).

42.     Defendants did not maintain timekeeping records for Mr. Campbell as required by the NYSLL and applicable regulations.

**D.     *Plaintiff Keith Gray***

43.     Plaintiff Keith Gray was employed by Defendants at the Smokey Island Grille Fulton Street Restaurant from June 2013 through May 2015 as a bus boy and stock and inventory clerk.

44.     As a bus boy or stock clerk, Mr. Gray helped to provide service in the dining room and helped keep track of inventory in the kitchen.  He had no managerial or supervisory duties or other discernible exempt duties.  He was a non-exempt employee entitled to the payment of overtime wages under the FLSA and the NYSLL.

45.     Mr. Gray typically worked the following schedule: Monday and Tuesday, 7:00 a.m. to 12:00 p.m. and 2:00 p.m. to 12:30 a.m., Wednesday, 3:00 p.m. to 12:30 a.m., Friday, 4:00 p.m. to 1:30 a.m., and Saturday, 2:00 p.m. to 1:30 a.m.  He worked 5 days a week, including 2 daily shifts of 15.5 hours (17.5 hour spread), 2 daily shift of 9.5 hours and 1 daily shift of 11.5 hours,

without any breaks, for a total of 61.5 hours each week.  He was paid weekly wages of $325, or an hourly wage of $5.28, which was significantly less than the federal minimum hourly wage of $7.25, and the New York hourly minimum wage of $8.00 in 2014 and $8.75 in 2015.

46.     Each of the 2 daily shifts of 15.5 hours (17.5 hour spread) and the single shift of 11.5 hours that Mr. Gray worked included a spread of hours of over 10 hours.  As such, Mr. Gray was owed an additional hour of pay for each of these 3 shifts.  Defendants never paid Mr. Gray the spread of hours pay that they owed to him under the applicable New York regulations.

47.     In addition to failing to pay Mr. Gray the lawful hourly minimum wage, and the spread of hours pay that he was owed, Defendants never paid him any overtime wages for the hours he worked in each work week in excess of 40 hours.

48.     As stated above, Mr. Gray worked approximately 61.5 hours per week, far in excess of a normal 40-hour work week.  He is, therefore, owed overtime wages for 21.5 hours each week during his employment with Defendants at time and a half the applicable minimum wage rate or his regular rate of pay.

49.     Defendants never gave Mr. Gray the wage notice required by NYSLL §195(1) or the pay stub required by NYSLL §195(3).

50.     Defendants did not maintain timekeeping records for Mr. Gray as required by the NYSLL and applicable regulations.

### E.     *Plaintiff Tyquran Horton*

51.     Plaintiff Tyquran Horton was employed by Defendants at the Smokey Island Grille Fulton Street Restaurant and Smokey Island Grille Sutter Avenue Restaurant from approximately February 2018 to March 2019 as a stock clerk, dishwasher and food preparation helper.

52.     As a stock clerk, dishwasher and food preparation helper, Mr. Horton stocked inventory, cleaned dishes, and assisted in the preparation of food.  He had no managerial or

supervisory duties or other discernible exempt duties.  He was a non-exempt employee entitled to the payment of overtime wages under the FLSA and the NYSLL.

53.     For approximately the first four months of his employment (from February 2018 through May 2018), Mr. Horton typically worked the following schedule:  Thursday through Sunday, 3:00 p.m. to 2:00 a.m.  He worked 4 days a week, 11 hours each day, without any breaks, for a total of 44 hours each week.  He was paid weekly wages of $450.00, or an hourly rate of $10.23.  Defendants did not pay Mr. Horton the New York hourly minimum wage rate of $13.00 in 2018.

54.     In approximately June 2018 through the end of his employment in March 2019, Mr. Horton typically worked the following schedule:  Monday, Tuesday and Thursday through Sunday, 3:00 p.m. to 2:00 a.m.  He worked 6 days a week, 11 hours each day, without any breaks, for a total of 66 hours each week.  He was paid weekly wages of $475.00, or an hourly rate of $7.20, which was less than the federal minimum wage of $7.25, and significantly less than the New York hourly minimum wage rate of $13.00 in 2018 and $15.00 in 2019.

55.     Each day that Mr. Horton worked included a spread of hours of over 10 hours.  As such, Mr. Horton was owed an additional hour of pay for each of these days.  Defendants never paid him the spread of hours pay that they owed to him under the applicable New York regulations.

56.     In addition to failing to pay Mr. Horton the lawful hourly minimum wage and spread of hours pay that was owed to him, Defendants never paid him any overtime wages for the hours he worked in each work week in excess of 40 hours.

57.     As stated above, Mr. Horton worked approximately 44 or 66 hours per week, far in excess of a 40-hour work week.  He is, therefore, owed overtime wages for 4 to 26 hours each

week during his employment with Defendants paid at time and half the applicable minimum wage or his regular rate of pay.

58.     Defendants never gave Mr. Horton the wage notice required by NYSLL §195(1) or the pay stub required by NYSLL §195(3).

59.     Defendants did not maintain timekeeping records for Mr. Horton as required by the NYSLL and applicable regulations.

**F.     *Plaintiff Souleymane Seye***

60.     Plaintiff Souleymane Seye was employed by Defendants at the Smokey Island Grille Fulton Street Restaurant and the Smokey Island Grille Sutter Avenue Restaurant from the summer of 2018 to the summer of 2019 as a dishwasher, cleaner and food preparation helper.

61.     As a dishwasher, cleaner and food preparation helper, Mr. Seye washed dishes, cleaned the restaurant, and assisted in the preparation of food.  He had no managerial or supervisory duties or other discernible exempt duties.  He was a non-exempt employee entitled to the payment of overtime wages under the FLSA and the NYSLL.

62.     Mr. Seye typically worked the following schedule: Monday through Wednesday, 3:00 p.m. to 1:00 a.m. and Thursday to Saturday, 4:00 p.m. to 2:00 a.m.  He worked 6 days a week, for 10 hours each day, without any breaks for a total of 60 hours each week.  He was paid $65 per day, or $390.00 per week – an hourly rate of $6.50, which was less than the federal minimum wage of $7.25, and significantly less that the New York hourly minimum wage rate of $13.00 in 2018 and $15.00 in 2019.

63.     In addition to failing to pay Mr. Seye the lawful hourly minimum wage, Defendants never paid him any overtime wages for the hours he worked in each work week in excess of 40 hours.

64.     As stated above, Mr. Seye worked approximately 60 hours per week, far in excess of a 40-hour work week.  He is, therefore, owed overtime wages for 20 hours each week during his employment with Defendants paid at time and half the applicable minimum wage or his regular rate of pay.

65.     Defendants never gave Mr. Seye the wage notice required by NYSLL §195(1) or the pay stub required by NYSLL §195(3).

66.     Defendants did not maintain timekeeping records for Mr. Seye as required by the NYSLL and applicable regulations.

## <u>FIRST CAUSE OF ACTION</u>
### (*Failure to Pay Overtime Wages in Violation of the FLSA on Behalf of Plaintiffs Keenan Brown, Kegan Brown, Horton and Seye*)

67.     Plaintiffs Keenan Brown, Kegan Brown, Horton and Seye reallege and incorporate by reference all allegations in the preceding paragraphs.

68.     At all relevant times, Plaintiffs Keenan Brown, Kegan Brown, Horton and Seye were employees, and Defendants were employers within the meaning of the FLSA.

69.     The overtime wage provisions of the FLSA apply to Defendants.

70.     During their employment with Defendants, Plaintiffs Keenan Brown, Kegan Brown, Horton and Seye were non-exempt employees entitled to overtime compensation under the FLSA.  Plaintiffs Keenan Brown, Kegan Brown, Horton and Seye routinely worked more than 40 hours each workweek:

a.   Plaintiff Keenan Brown worked between 63 and 75 hours each week;

b.   Plaintiff Kegan Brown worked approximately 61.5 hours each week;

c.   Plaintiff Tyquran Horton worked between 44 and 66 hours each week; and

d.   Plaintiff Seye routinely worked approximately 60 hours each week.

None of the Plaintiffs was paid the required overtime rate of pay for the hours they worked in excess of 40 in a workweek.

71.     Defendants knowingly failed to pay Plaintiffs Keenan Brown, Kegan Brown, Horton and Seye at one and one-half times the applicable minimum wage or their regular rate of pay for all hours worked in excess of 40 hours per week, in violation of 29 U.S.C. §207(a).

72.     Defendants' violations of the FLSA's overtime wage requirements were willful and without good faith or a reasonable basis to believe that such failures were lawful, in violation of prevailing law, and engaged in with reckless disregard of Plaintiffs' rights.

73.     As a result of Defendants' failure to pay required overtime wages, Plaintiffs are entitled to unpaid wages, liquidated damages, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (*Failure to Pay Minimum Wages in Violation of the FLSA on Behalf of Plaintiffs Keenan Brown, Horton and Seye*)

74.     Plaintiffs Keenan Brown, Horton and Seye reallege and incorporate by reference all allegations in the preceding paragraphs.

75.     At all relevant times, Plaintiffs Keenan Brown, Horton and Seye were employees, and Defendants were employers within the meaning of the FLSA.

76.     The minimum wage provisions of the FLSA apply to Defendants.

77.     At all relevant times, the minimum wage under the FLSA was $7.25 per hour. During all or part of their employment with Defendants, Plaintiff Keenan Brown was paid an hourly wage $5.76 or $6.86; Plaintiff Tyquran Horton was paid an hourly wage of $7.20; and Plaintiff Souleymane Seye was paid an hourly wage of $6.50.  None of these Plaintiffs was paid the federal hourly minimum wage of $7.25.

78.     During the course of these Plaintiffs' employment, Defendants knowingly failed to pay them the required hourly minimum wage for all hours these Plaintiffs worked, in violation of 29 U.S.C. §206.

79.     Defendants' violations of the FLSA's overtime wage requirements were willful and without good faith or a reasonable basis to believe that such failures were lawful, in violation of prevailing law, and engaged in with reckless disregard of Plaintiffs' rights.

80.     As a result of Defendants' failure to pay required minimum wages, Plaintiffs are entitled to their unpaid wages, liquidated damages, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### (*Failure to Pay Overtime Wages in Violation of the NYSLL on Behalf of All Plaintiffs*)

81.     Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs.

82.     During their employment with Defendants, Plaintiffs were non-exempt employees entitled to overtime compensation under the NYSLL.  Each of the Plaintiffs routinely worked more than 40 hours each workweek:

      a.  Plaintiff Keenan Brown worked between 63 and 75 hours each week;

      b.  Plaintiff Kegan Brown worked approximately 61.5 hours each week;

      c.  Plaintiff Darryl Campbell worked between 60 and 70 hours each week;

      d.  Plaintiff Keith Gray worked 61.5 hours each week;

      e.  Plaintiff Tyquran Horton routinely worked between 44 and 66 hours each week; and

      f.  Plaintiff Seye routinely worked approximately 60 hours each week.

None of the Plaintiffs was paid the required overtime rate of pay for the hours they worked in excess of 40 in a workweek.

83.     Defendants knowingly failed to pay them at one and one-half times the applicable minimum wage or their regular rate of pay for all hours worked in excess of 40 hours per week, in violation of the NYSLL.

84.     By intentionally treating Plaintiffs as exempt employees and failing to pay them overtime wages for the hours they worked in excess of 40 hours per week, Defendants willfully violated NYSLL, Article 19, §§650 *et seq*., and the supporting New York State Department of Labor Regulations.

85.     Defendants' violations of the NYSLL's overtime wage requirements were willful, without good faith or a reasonable basis to believe that the failure to pay overtime wages was lawful, in violation of prevailing law, and engaged in with reckless disregard of Plaintiffs' rights.

86.     As a result of Defendants' willful violations of the NYSLL, Plaintiffs have suffered damages by being denied overtime wages.

87.     As a result of Defendants' failure to pay required overtime wages, Plaintiffs are entitled to unpaid wages, liquidated damages, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
(***Failure to Pay Minimum Wages in Violation of the NYSLL on Behalf of All Plaintiffs***)

88.     All Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs.

89.     At all relevant times, Plaintiffs were employees, and Defendants were employers within the meaning of the NYSLL.

90.     The minimum wage provisions of Article 19 of the NYSLL and the supporting regulations apply to Defendants.

91.     During all or part of their employment with Defendants, Plaintiffs were paid less than the New York hourly minimum wage as follows:

a.  Plaintiff Keenan Brown worked for Defendants in 2015, 2016, 2017 and 2018 and was paid an hourly wage of $5.76 or $6.86.  The state hourly minimum wage was $8.75 in 2015; $9.00 in 2016; $11.00in 2017; and $13.00 in 2018;

b.  Plaintiff Kegan Brown worked for Defendants in 2018 and was paid an hourly wage of $8.78.  The state hourly minimum wage was $13.00;

c.  Darryl Campbell worked for Defendants in 2014, 2015 and 2016 and was paid an hourly wage of $6.43.  The state hourly minimum wage was $8.00 in 2014; $8.75 in 2015; and $9.00 in 2016;

d.  Plaintiff Keith Gray worked for Defendants in 2014 and 2015 and was paid an hourly wage of $5.28.  The state hourly minimum wage was $8.00 in 2014 and $8.75 in 2015;

e.  For the first 4 months of 2018, Tyquran Horton was paid an hourly wage of $10.23, when the state hourly minimum wage was $13.00; for the balance of 2018 and 2019, Plaintiff Horton was paid an hourly wage of $7.20.  The state hourly minimum wage was $13.00 in 2018, and $15.00 in 2019; and

f.  Plaintiff Souleymane Seye worked for Defendants in 2018 and 2019 and was paid an hourly wage of $6.50.  The state hourly minimum wage was $13.00 in 2018, and $15.00 in 2019.

92.  During the course of each of the Plaintiff's employment, Defendants knowingly failed to pay them at the state hourly minimum wage for the hours they worked, in violation of the NYSLL.

93.     Defendants' violations of the NYSLL's minimum wage requirements were willful, without good faith or a reasonable basis to believe that the failure to pay minimum wages was lawful, in violation of prevailing law, and engaged in with reckless disregard of Plaintiffs' rights.

94.     As a result of Defendants' willful violations of the NYSLL, Plaintiffs have suffered damages by being denied minimum hourly wages.

95.     As a result of Defendants' failure to pay required minimum hourly wages, Plaintiffs are entitled to unpaid wages, liquidated damages, interest, and attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
*(Failure to Pay Spread of Hours Wages in Violation of the NYSLL on Behalf of Plaintiffs Keenan Brown, Kegan Brown, Gray and Horton)*

96.     Plaintiffs Keenan Brown, Kegan Brown, Gray and Horton reallege and incorporate by reference all allegations in the preceding paragraphs.

97.     At all relevant times, these Plaintiffs were employees and Defendants were employers within the meaning of the NYSLL.

98.     Plaintiff Keenan Brown frequently worked a daily spread of hours in excess of 10 hours (for example, working from 2:00 p.m. to 12:30 a.m., without a break).  Plaintiff Keenan Brown also worked at least 2 weekly split shifts that were in excess of 10 hours, that is, working from 7:00 a.m. to noon, with a 3-hour break until 3:00 p.m., and then working again from 3:00 p.m. to 11:30 p.m. – a daily spread of hours of 16.5 hours.

99.     On certain days, Plaintiff Kegan Brown worked a daily spread of hours that exceeded 10 hours in a day.  He worked 11 hours (3:00 p.m. to 2:00 a.m.) on Fridays and Saturdays.

100.    Plaintiff Keith Gray frequently worked a daily spread of hours in excess of 10 hours.  For example, on Saturdays, he usually worked from 2:00 p.m. to 1:30 a.m., without a break – a spread of 11.5 hours.  He also worked a split shift on Mondays and Tuesdays – working from

7:00 a.m. to noon, with a 2-hour break until 2:00 p.m., and then working again from 2:00 p.m. to 12:30 p.m. – a daily spread of hours of 17.5.

101.     Plaintiff Tyquran Horton worked a daily spread of hours that exceeded 10 hours in a day.  He worked 11 hours each day, from 3:00 p.m. to 2:00 a.m., whether working 4 days a week, or most often working 6 days a week.

102.     Under the NYSLL, an employer must pay an employee who works more than 10 hours in one day an additional hour of pay at the minimum wage rate – a "spread of hours" premium.  12 N.Y.C.R.R. §146-1.6.

103.     Plaintiffs Keenan Brown, Kegan Brown, Keith Gray and Tyquran Horton were each required to be paid one additional hour of pay at the minimum wage rate for every day they worked more than 10 hours, either in a spread of hours or in a split shift.

104.     Defendants' conduct, as described herein, constitutes a willful violation of the NYSLL without a good faith or reasonable basis to believe that the failure to pay spread of hours wages was lawful.

105.     Due to Defendants' willful violations of the NYSLL, Plaintiffs Keenan Brown, Kegan Brown, Keith Gray and Tyquran Horton are entitled to recover their unpaid spread of hours wages, liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

### SEVENTH CAUSE OF ACTION
*(Failure to Provide Wage Notices and Statements Required by NYSLL on Behalf of All Plaintiffs)*

106.     Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs.

107.     At all relevant times, Plaintiffs were employees, and Defendants were employers within the meaning of the NYSLL.

108.     Prior to the start of employment, employers are required to give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday.  NYSLL §195(1), 12 N.Y.C.R.R. §146-2.3. Defendants never provided any of the Plaintiffs with this notice at the beginning of their employment or at any time during their employment.

109.     Due to Defendants' violations of NYSLL §195(1), Plaintiffs are entitled to statutory penalties of $50.00 for each workday that Defendants failed to provide wage notices, up to a maximum of $5,000, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided by NYSLL §198(1-b).

110.     On every payday, New York employers are required to give each employee a statement of wages, or a "pay stub" that contains specific information concerning their wages and deductions.  NYSLL §195(3), 12 N.Y.C.R.R. §146-2.2.

111.     With limited exceptions, Defendants never provided any of the Plaintiffs with a statement of wages with each payment of wages as required by NYSLL §195(3).   Rather, Defendants paid Plaintiffs in cash, with no accounting of the hours they had worked, their hourly rates, deductions, or any other required information.

112.     Due to Defendants' violations of NYSLL §195(3), Plaintiffs are entitled to statutory penalties of $250.00 for each workweek that Defendants failed to provide wage notices, up to a maximum of $5,000, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided by NYSLL §198(1-d).

**WHEREFORE**, Plaintiffs pray for the following relief:

A.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA and the NYSLL and supporting New York State Department of Labor regulations;

B.      Issuance of an injunction restraining Defendants from future unlawful conduct and practices as complained of herein;

C.      Issuance of an injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYSLL;

D.      An award of unpaid minimum wages and an additional equal amount as liquidated damages pursuant to FLSA and NYSLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor regulations;

E.      An award of unpaid overtime wages and an additional equal amount as liquidated damages pursuant to FLSA and NYSLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor regulations;

F.      An award of damages to each Plaintiff for Defendants' failure to provide the notices and statement of wages required by NYSLL §195(1) and §195(3);

G.      An award of spread of hours pay to Plaintiffs Keenan Brown, Kegan Brown, Keith Gray and Tyquran Horton for each day they were forced to work more than 10 hours;

H.      An award of pre-judgment interest to each Plaintiff;

I.      An award of their reasonable attorneys' fees and costs incurred in this action, including but not limited to any expert fees to each Plaintiff; and

J.      An award of such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues in this action properly triable before a jury.

Dated:    White Plains, New York
          June 4, 2020

                                  **SAPIR SCHRAGIN LLP**

By:    *Howard Schragin*
                                  Howard Schragin, Esq.
                                  Ann L. Moscow, Esq.
                                  399 Knollwood Road, Suite 310
                                  White Plains, New York 10603
                                  (914) 328-0366
                                  (914) 682-9128 (fax)
                                  E-Mail:  hschragin@sapirschragin.com
                                                            amoscow@sapirschragin.com
                                  *Attorneys for Plaintiffs*